OPINION
{¶ 1} James A. Bult is appealing from the decision of the trial court granting summary judgment to the defendant, BWXT of Ohio, Inc., (hereinafter BWXT), but denying the motion of the other defendant, JoAnna Wilson, for summary judgment in her favor. Bult's claim against BWXT is one of tortious inference with a business relationship, and his claim against Wilson was for defamation. Bult subsequently dismissed his claim against Wilson without prejudice of refiling per Rule 41(A)(1)(a) and then timely filed his appeal against the judgment in favor of BWXT. The facts of the case are set forth in the opinion of the trial court, as follows:
 {¶ 2} "The Defendant, BWXT of Ohio, Inc. (hereinafter `BWXT') has a contract with the United States Department of Energy to clean up and close the Miamisburg Mound facility (hereinafter, `the mound'), which is part of the Department of Energy's nuclear weapons complex. BWXT also employs the other Defendant in this case, Jo Anna Wilson (hereinafter, `Wilson'). EGG Technical Services employed the Plaintiff, James A. Bult. EGG was hired as a subcontractor by the Theta Engineering Company (hereinafter, `Theta'), who was originally hired as a subcontractor by BWXT.
 {¶ 3} "On May 3, 2001, an employee meeting was called at the mound. What ensued at this meeting is largely disputed by both sides. What is known however is that Wilson and Bult were involved in an altercation that involved, at some point, physical contact. Based on this altercation, and reports to BWXT management by fellow co-workers, BWXT began a formal investigation of the incident. Following the investigation, BWXT informed Theta that Bult was no longer needed on the job site. After having his access to the mound work site revoked, EGG offered Bult a position in Utah. Bult refused this re-assignment, and as an at-will employee, his employment was terminated by EGG."
 {¶ 4} In Bult's sole assignment of error, he attacks the summary judgment by the trial court in favor of BWXT on two grounds:
 {¶ 5} "a. The Trial Court erred in concluding that Bult had not created a genuine issue of material fact on whether appellees' intentional interference caused Bult's third-party employer to terminate its business relationship with Bult. Order and Entry filed on February 6, 2003.
 {¶ 6} "b. The trial court erroneously concluded that even if Bult could establish all of the elements of his claim of tortious interference, the acts of appellees were privileged. Order and Entry filed on February 6, 2003."
 {¶ 7} The trial court did indeed reject Bult's claim of tortious interence by BWXT on the ground that Bult had not created a genuine issue of material fact as set forth in the above argument a, but the trial court did add in a footnote as follows:
 {¶ 8} "Even if Bult could have fulfilled all of the elements of the cause of action, this Court would still find that BMXT [sic], acting as an administrator at the site, would have successfully maintained the affirmative defense of privilege. The privilege defense arises when the actor, because of his relationship to the complaining party, had the legal right to take the contested action. Contadino v. Tilow (1990),68 Ohio App.3d 463, 467; 589 N.E.2d 48. In an employment situation, `[T]here are those whose position vis a vis the employer and the employee entitles them to intrude upon the employment relationship." Id.
 {¶ 9} We agree with the trial court that BWXT had a privilege to take its action against Bult because it was under a legal obligation both to OSHA and its contract with the Department of Energy to provide a safe working environment for its employees. As stated in Juhasz v. QuikShops, Inc. (1977), 55 Ohio App.2d 51, 9 O.O.3d 216, citing Sec. 773 of the Restatement of Torts: "One is privileged purposely to cause another not to perform a contract, or enter into or continue a business relation, with a third person by in good faith asserting or threatening to protect properly a legally protected interest of his own which he believes may otherwise be impaired or destroyed by the performance of the contract or transaction."
 {¶ 10} The operative words in the above is good faith, and it certainly seems apparent here that after conducting an investigation, BWXT had a good faith belief that the presence of Bult in the work force at the site was a threat to the safe working environment inasmuch as Wilson had expressed a strong animus against Bult and some kind of altercation had occurred between them in the presence of many of the employees. We therefore overrule the assignment of error on the ground that BWXT had a privilege to do what it did. The assignment of error regarding the issue of whether Bult created a genuine issue of material fact as to whether BWXT's intentional inference caused EGG to terminate its business relationship with Bult, we find to be moot.
 {¶ 11} The judgment is affirmed.
WOLFF, J. and GRADY, J., concur.